**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00814-PAB-SBP

JAMIE LEE SAUNDERS,

Plaintiff,

v.

ALBERTSONS/SAFEWAY, LLC, and

UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL #7, et al.,

Defendants

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SHIFT EXPERT COSTS**

**(DKT. 74)**

---

## I. RECORD FACTS

1. July 21, 2025- Safeway served discovery requesting expert materials.

2. August 4, 2025- Safeway issued Subpoena Duces Tecum to Dr. Alejandro Echeverry, scheduling deposition September 3, 2025.

3. August 5, 2025- Plaintiff paid Dr. Echeverry $5,000 retainer by wire transfer (Ex. 74-1).

4. August 16, 2025- Plaintiff filed Motion for Protective Order and Motion to Quash (Dkt. 67) within 14-day objection period under Fed. R. Civ. P. 45(d)(2)(B).

1

5.  August 18, 2025- Safeway (defendant who issued subpoena duces tecum) provided disclosure to plaintiff of documents obtained directly from plaintiff's expert.

6.  August 24, 2025: Plaintiff produced 258-page indexed response to the defendants' request for discovery, providing the files via email as hyperlinks and by uploading them directly to the defense's .box storage account.

7.  August 26, 2025: Dr. Echeverry invoiced showing plaintiff's $5,000 retainer exhausted through subpoena-compliance work (Ex. 74-3, 74-4).

8.  September 2, 2025: Plaintiff emailed defense expressing concern about proceeding with deposition while Dkt. 67 remained pending. Defense admitted "my office worked with Dr. Echeverry directly" (Ex. 74-2). Safeway sent amended notice of rescheduled deposition to September 5, 2025.

9.  September 3, 2025: the date of the originally noticed deposition Safeway filed Opposition (Dkt. 72) to protective order and subpoena quash. Plaintiff received a phone call from defense about rescheduling deposition.

10. September 4, 2025: Court ruled in part on the documents for removal, granted protective order and terminated Motion to Quash without ruling (Dkt. 73). Plaintiff given no opportunity to respond to opposition and less than 24 hours before deposition.

11. September 5, 2025: Safeway deposed Dr. Echeverry.

---

**II. LAW**

12. **Fed. R. Civ. P. 26(b)(4)(E):** "Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery."

13. **Fed. R. Civ. P. 45(d)(2)(B)(ii):** Subpoenaing party must "protect the person subject to the subpoena from significant expense."

14. (*Lampe v. United States*, 18 F. App'x 744 (10th Cir. 2001) (affirming that the deposing party bears the expert fee absent bad faith by the retaining party)

---

## III. ARGUMENT

15. **Safeway Issued Subpoena and Must Pay.** Safeway issued subpoena August 4, 2025. Safeway noticed deposition. Safeway requested documents. Dr. Echeverry's invoice (Ex. 74-3) documents work responding to Safeway's subpoena: "Deposition Subpoena—Material Preparation for Defendants," "Communication with Defendants," 8/26/2025." Rules 26(b)(4)(E) and 45 require Safeway to pay these costs.

16. **Benjamin Does Not Apply.** Safeway cites *Benjamin v. Gloz*, 130 F.R.D. 455 (D. Colo. 1990) regarding "preparation time." *Benjamin* addressed trial preparation—an expert reviewing conclusions with retaining counsel before testimony. Dr. Echeverry's work was subpoena compliance—organizing and producing documents to Safeway at Safeway's request. This is Rule 45 subpoena-compliance work, not *Benjamin* trial preparation.

17. **Safeway's Claimed Payment Is Irrelevant.** Safeway claims it paid $2,500 "sitting fee" (Dkt. 76, ¶4) but provides only invoices marked "Total Due" (Dkt. 76-1)—no wire receipt, no cancelled check, no payment verification. Plaintiff's wire receipt (Ex. 74-1) is

the only verified payment in the record. Safeway had Dr. Echeverry's CV and fee schedule since mid-July 2025. Safeway knew the costs before issuing the subpoena. Safeway's claimed sitting fee payment is irrelevant to plaintiff's requests: (1) reimburse plaintiff $5,000 advanced August 5, 2025 for deposition preparation that Dr. Echeverry spent responding to Safeway's subpoena, and (2) pay Dr. Echeverry $5,000 unpaid invoice (Ex. 74-4) for subpoena-compliance work.

18. **Court Terminated Motion to Quash Without Ruling.** Plaintiff filed Motion to Quash within the 14-day objection period under Fed. R. Civ. P. 45(d)(2)(B). The Court's September 4 Order (Dkt. 73) addressed the protective order but terminated the Motion to Quash without ruling on undue burden or cost allocation under Rules 26(b)(4)(E) and 45. Plaintiff received no opportunity to respond to Safeway's September 3 opposition (Dkt. 72) before the Court ruled September 4. The deposition proceeded September 5—one day after the ruling.

19. **Manifest Injustice.** The Court granted attorney withdrawal June 27, 2025 (Dkt. 55) without ensuring compliance with Colorado RPC 1.16(d). ABA Formal Opinion 516 states a lawyer's withdrawal has "material adverse effect" if withdrawal results in "significant increase in the cost of the matter, or significant harm to the client's ability to achieve the legal objectives." Plaintiff's Motion to Vacate withdrawal (Dkt. 63) has been pending without ruling for 91 days. A suspended attorney's lien (Dkt. 61) remains on the docket. Plaintiff proceeds pro se involuntarily without complete case file from withdrawn attorney. Plaintiff faces November 12, 2025 dispositive motions deadline. Forcing plaintiff to subsidize Safeway's expert discovery while proceeding unrepresented, unheard on Motion to Vacate, and without resources denies plaintiff access to fair

adjudication. Non-payment is manifest injustice prohibited by Rule 26(b)(4)(E).

Moreover, forcing Plaintiff to bear these costs while simultaneously being unable to

determine what evidence she possesses (due to unorganized materials from withdrawn

counsel) creates insurmountable financial and practical barriers to defending this action.

---

## IV. RELIEF REQUESTED

20. Reimburse plaintiff $5,000 paid August 5, 2025 (Ex. 74-1).

21. Order Safeway pay Dr. Alejandro Echeverry $5,000 unpaid invoice (Ex. 74-4).

22. Other relief the Court deems just.

---

Dated: October 27, 2025

Respectfully submitted,

/s/ Jamie Lee Saunders

Jamie Lee Saunders

1874 Roxie Drive

Montrose, CO 81401

(970) 708-1373

Jlstwin1@proton.me

Pro Se Plaintiff

---

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2025, I filed the foregoing PLAINTIFF'S REPLY IN SUPPORT OF

MOTION TO SHIFT EXPERT COSTS (DKT. 74) with the Clerk of Court using the CM/ECF

system, which will send notification of electronic filing to all counsel of record:

**Counsel for Safeway Inc.:**

Laurie S. Rogers, lsrogers@hollandhart.com

Mark B. Wiletsky, mbwiletsky@hollandhart.com

Michelle McCallum, mmccallum@hollandhart.com

Joseph C. Robertson, jcrobertson@hollandhart.com

Holland & Hart LLP

555 17th Street, Suite 3200

Denver, CO 80202

**Counsel for UFCW Local 7:**

Claire F. Poundstone, cpoundstone@ufcw7.com

Mathew S. Shechter, mshechter@ufcw7.com

Kristina M. Bush, kbush@ufcw7.com

Tighe R. Beach, tbeach@ufcw7.com

UFCW Local 7

7760 W. 38th Ave., Suite 400

Wheat Ridge, CO 80033

/s/ Jamie Lee Saunders

Jamie Lee Saunders