IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00814-PAB-SBP

JAMIE LEE SAUNDERS,

    Plaintiff,

v.

ALBERTSONS/SAFEWAY, LLC, and UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #7,

    Defendants.

## ORDER

**Susan Prose, United States Magistrate Judge.**

    This matter comes before the court on Plaintiff Jamie Lee Saunders ("Plaintiff")'s Motion to Vacate ("Motion"). ECF No. 63. The undersigned considers the Motion pursuant to the Order of Reference, ECF No. 64, the memorandum referring the Motion, ECF No. 65, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motion, the related filings, and the applicable law. For the reasons set forth below, the Motion is **DENIED**.

### I.    ANALYSIS

    The court assumes familiarity with the underlying allegations and procedural history in this matter, which is largely irrelevant for the purpose of ruling upon the Motion except as addressed below.

    Plaintiff has moved to, inter alia, vacate the court's order granting her former attorney's motion to withdraw. *See* ECF No. 55. The Motion is denied for the following reasons.

    First, Plaintiff argues that the court should vacate the order permitting Plaintiff's former counsel to withdraw, clarify that Plaintiff did not request to proceed pro se, and appoint pro bono counsel. Plaintiff has not stated any reason to reconsider the court's order granting her attorney's motion to withdraw; in fact, Plaintiff continues to argue in her Motion that her attorney had

1

engaged in "clearly unethical behavior," *see* Motion at 5, which lends support to her former counsel's position that Plaintiff and former counsel had an irreconcilable conflict. The court agrees that Plaintiff assumed pro se status because her attorney moved to withdraw, not because she requested to. Upon review of the Motion and the docket in this case, the court does not find that the legal issues presented in Plaintiff's claims are so uniquely complex as to justify appointed counsel. "[T]he right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

Plaintiff also requests that the court order "the return of Plaintiff's complete case file, including original digital documents, communications, disclosures, metadata, and expert materials." However, Plaintiff does not actually appear to allege that she lacks access to her entire file. Instead, she states that she received "disorganized paper copies" and "a USB drive that lacks essential organizational elements" while noting that she was not provided with "an accounting of contents and access to the Team Dropbox platform." Plaintiff has not argued or shown that she is entitled to a specific accounting of her file's contents, nor has she alleged that the paper copies she was provided did not adequately comprise her complete case file. To the extent that Plaintiff believes she is missing specific material from her case file and can articulate what material is missing with specificity to the court, she may request that material within a renewed motion. Requests that fail to identify specific material missing from Plaintiff's case file will not be granted.

Finally, Plaintiff requests that the court order "a full financial accounting of all funds paid and expended" and that the court issue "appropriate protective relief" to prevent retaliation or "procedural disadvantage" from her former attorney. Plaintiff does not explain these requests with specificity or otherwise address why the court's intervention to order "a full financial accounting of all funds paid and expended" would be necessary or justified here. Plaintiff also does not address how or why she believes her former attorney will "retaliate" against her, nor does she specify the "appropriate protective relief" she believes she is entitled to. Accordingly, Plaintiff's Motion must be denied in its entirety.

## II.  CONCLUSION

For the reasons above, the court **DENIES** Plaintiff's Motion to Vacate.[1]

DATED: December 10, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

3