IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00814-PAB-SBP

JAMIE LEE SAUNDERS,

    Plaintiff,

v.

ALBERTSONS/SAFEWAY, LLC., and
UNITED FOOD AND COMMERCIAL WORKERS UNIONS, LOCAL #7,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Order (ECF NO. 102) [Docket No. 103].

### I. BACKGROUND

Jamie Lee Saunders filed this action against Albertsons/Safeway, LLC ("Safeway") and United Food and Commercial Workers Union, Local #7 ("UFCW Local 7") on March 25, 2024. Docket No. 1. Plaintiff's claims arise from her employment with and termination from Safeway. *Id.* at 17-25, ¶¶ 89-149. Plaintiff brings a claim against UFCW Local 7 for breach of fair duty of representation and claims against Safeway for gender discrimination under Title VII, for violation of the Equal Pay for Equal Work Act, for hostile work environment, for wrongful termination in violation of the Collective Bargaining Agreement Just Cause Provisions, and for retaliation, harassment, and wrongful termination. *Id.*

On June 16, 2025, plaintiff, then represented by attorney John W. McKendree,[1] filed an ex parte motion for leave to file a limited pro se declaration under level 2 restriction for in camera review.  Docket No. 47.  In this motion, plaintiff alleges a "breakdown in representation" and states she became aware of "potentially serious issues affecting her representation."  *Id.* at 1-2.  Later that day, on June 16, 2025, Mr. McKendree filed a motion to withdraw, citing plaintiff's ex parte motion as being indicative of an "irreconcilable conflict of interest."  Docket No. 51 at 2, ¶ 6.  On June 27, 2025, Magistrate Judge Susan Prose granted the motion to withdraw, terminating Mr. McKendree's representation of plaintiff in this matter.  Docket No. 55.  On July 28, 2025, plaintiff filed a motion to vacate, requesting, among other things, that Judge Prose vacate her June 27, 2025 order granting Mr. McKendree's motion to withdraw.  Docket No. 63.  On December 10, 2025, Judge Prose issued an order denying the motion to vacate.  Docket No. 102.  Judge Prose stated that plaintiff provided no reason why the court should reconsider its order granting the motion to withdraw.  *Id.* at 1.  In fact, Judge Prose noted that plaintiff continued to argue in her motion that Mr. McKendree engaged in unethical behavior, supporting Mr. McKendree's position that there was an irreconcilable conflict.  *Id.* at 1-2 (citing Docket No. 63 at 5).  Judge Prose also found that the legal issues in plaintiff's claim were not so uniquely complex as to justify appointed counsel.  *Id.* at 2.  On December 24, 2025, plaintiff timely objected to Judge Prose's December 10, 2025 order.  Docket No. 103.

---

[1] In his motion to withdraw, Mr. McKendree spells his surname as Mckendree.  Docket No. 51.  However, when signing the motion to withdraw, Mr. McKendree spells his surname as McKendree.  *Id.* at 2.  The Court will employ the spelling used in his signature.

## II.  LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the district court would have decided the matter differently.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly."  *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).  No party argues that Judge Prose's order is dispositive, and the Court does not find it to be.  Thus, the Court will review the minute order under the clearly erroneous standard.

## III.  ANALYSIS

Plaintiff argues that Judge Prose's order failed to address critical facts that invalidate the withdrawal.  Docket No. 103 at 1, ¶ 1.  However, plaintiff does not specify what those facts are.  *See generally id.*  Plaintiff proceeds to make allegations that Mr. McKendree engaged in behavior which she believes was fraudulent and unethical.  *Id.* at 1-2, ¶¶ 2-5.  Yet, as Judge Prose stated, those allegations lend support to Mr.

3

McKendree's position there was an irreconcilable conflict, justifying Mr. McKendree's withdrawal. Docket No. 102 at 2. Plaintiff also argues that Judge Prose applied the wrong legal standard by looking only at whether there was a constitutional right to counsel, and not whether the complexity of the case justified appointed counsel. Docket No. 103 at 2, ¶¶ 6-7. Plaintiff's argument is inaccurate. Judge Prose stated that "the court does not find that the legal issues presented in Plaintiff's claims are so uniquely complex as to justify appointed counsel." Docket No. 102 at 2.

Plaintiff also argues that Judge Prose erred by allowing Mr. McKendree to withdraw without enforcing Colo. RPC 1.16(d).[2] Docket No. 103 at 2, ¶ 5. Colo. RPC 1.16(d) states that:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Colo. RPC 1.16(d). Plaintiff's allegations appear to focus on the part of the rule which requires surrendering papers that a client is entitled to. Plaintiff claims that counsel has not turned over all relevant information relating to her case. Docket No. 103 at 2-3, ¶¶ 5, 8, 12-13. However, Judge Prose addressed these allegations in her order, noting that

> Plaintiff does not actually appear to allege that she lacks access to her entire file. Instead, she states that she received "disorganized paper copies" and "a USB drive that lacks essential organizational elements" while noting that she was not provided with "an accounting of contents and

---

[2] The United States District Court for the District of Colorado has adopted the Colorado Rules of Professional Conduct as the standards of professional responsibility. D.C.COLO.LAttyR 2(a).

>   access to the Team Dropbox platform." Plaintiff has not argued or shown
>   that she is entitled to a specific accounting of her file's contents, nor has
>   she alleged that the paper copies she was provided did not adequately
>   comprise her complete case file. To the extent that Plaintiff believes she
>   is missing specific material from her case file and can articulate what
>   material is missing with specificity to the court, she may request that
>   material within a renewed motion.

Docket No. 102 at 2. Thus, Judge Prose did address the possibility that not all documents were turned over to plaintiff. Moreover, she provided plaintiff with a potential remedy, namely, filing a motion articulating what material has not been provided to her. Accordingly, Judge Prose did not err in allowing Mr. McKendree to withdraw as plaintiff's counsel.[3]

Finally, plaintiff seeks additional relief from the Court. Docket No. 103 at 3, ¶¶ 14-18. Specifically, plaintiff wants the Court to strike an attorney's lien notice submitted by Mr. McKendree in this case. *Id.*, ¶ 16; Docket No. 61. Plaintiff also requests that the Court order "the immediate turnover of the organized digital file and Dropbox access." Docket No. 103 at 3, ¶ 17. The Court construes this to be a request to order Mr. McKendree to send plaintiff documents relevant to her case in a more organized fashion, and to allow her access to a Dropbox account with potentially relevant documents. Finally, plaintiff asks the Court to stay all deadlines for 90 days. *Id*, ¶ 18. Pursuant to

---

[3] Plaintiff argues that Judge Prose's order "failed to protect the integrity of the case regarding expert Dr. Echeverry." Docket No. 103 at 2-3, ¶¶ 9-11. It is unclear how this relates to Judge Prose's December 10, 2025 order, which makes no reference to expert witnesses. Docket No. 102 at 2. It is possible that plaintiff is referring to Judge Prose's September 4, 2025 order. Docket No. 73; Docket No. 103 at 4. However, to the extent this is an objection to the September 4, 2025 order, it is untimely and will not be considered. *See* Fed. R. Civ. P. 72(a) (stating that a party must file an objection to a nondispositive magistrate judge order within 14 days after being served with a copy).

D.C.COLO.L.CivR 7.1(d), a "motion shall be filed as a separate document." Thus, plaintiff should seek any such relief through separately filed motions, not through an objection to Judge Prose's December 10, 2025 order.

## IV. CONLUSION

Therefore, it is

**ORDERED** that Plaintiff's Objection to the Magistrate Judge's Order (ECF NO. 102) [Docket No. 103] is **OVERRULED**.

DATED January 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

6