## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00814-PAB-SBP

JAMIE LEE SAUNDERS,

      Plaintiff,

v.

ALBERTSONS/SAFEWAY, LLC,[1] and
UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #7,

      Defendants.

---

## ORDER

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on three motions filed by Plaintiff Jamie Lee

Saunders: a motion for costs, ECF No. 74 ("Motion for Costs"); a motion for ruling (styled as a

"Third Motion for Costs"), ECF No. 126; and a motion to strike a notice of lien filed by her

former attorney, ECF No. 125. The undersigned considers these motions pursuant to the Order of

Reference, ECF No. 32, the memoranda referring the motions, ECF Nos. 75, 127, and 28 U.S.C.

§ 636(b)(1).

The court has reviewed the motions, the related filings, and the applicable law. For the

reasons set forth below, the court now respectfully issues the following **ORDER**[2] concerning

---

[1] Counsel has explained that this defendant is properly referred to as "Safeway Inc.," *see* ECF
No. 76 at 1, and so the court will refer to it as "Safeway" in this Order.
[2] Because the motions addressed here are non-dispositive, the court proceeds by order. *See Fiber
Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 594 (D. Colo. 2009)

each of the motions.

      **A.**      **Motion for Costs (ECF No. 74)**[3]

      **1.**      **Background**

Ms. Saunders, a former meat cutter at Safeway's store in Montrose, Colorado, *see* ECF No. 1 ¶ 3, disclosed Alejandro Echeverry, Ph.D., as an expert witness "on the Food & health Safety issued [sic] raised in her complaint" and the "Public Policy claim set forth in her complaint[.]" *See* Plaintiff's Expert Witness's Report Disclosure dated June 19, 2025, ECF No. 96-2 at 1; *see also* ECF No. 1 ¶¶ 139-149 (claim asserting "Retaliation, Harassment and Wrongful Termination for Reporting Compliance and Safety Issues in violation of Public Policy against Defendant Safeway," based on the alleged "mishandling of products in the Meat Department"). Dr. Echeverry is identified as an "Associate Professor of Practice in Food Microbiology and Food Engineering" in the "Department of Animal and Food Sciences at Texas Tech University." Expert Opinion of Alejandro Echeverry, Ph.D., dated June 16, 2025, ECF No.

---

(magistrate judge granting in part and denying in part a request to shift deposition-related fees via an order); *see also* Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.").

[3] As a preliminary matter, in its surreply, Safeway includes an embedded motion to strike the Motion for Costs on grounds that Ms. Saunders's reply brief was not timely filed and that she relied on a fictional, AI-generated case. *See* ECF No. 86 at 3; *see also* ECF No. 77 at 3 (citing *Lampe v. United States*, 18 F. App'x 744 (10th Cir. 2001)). The court declines to strike the Motion for Costs. The approximately two-week delay in filing the reply caused no prejudice to Safeway, and as to the reference to an AI-generated case, Ms. Saunders has acknowledged this error and apologized to the court and opposing counsel. *See* ECF No. 84 at 2. Ms. Saunders, however, is respectfully warned that future filings must comply with all applicable procedural rules and that citing to hallucinated cases may result in her filings being stricken without further analysis.

96-2 at 4.

The record indicates that Ms. Saunders has paid Dr. Echeverry a total of $10,000 thus far: $5,000 as an initial retainer and an additional $5,000 in expert fees after that, realized over ten hours at a rate of $500 per hour. *See* ECF No. 74-3 at 3 (referencing a $5,000 "Second Retainer" paid by Ms. Saunders on August 5, 2025). Ms. Saunders has offered no argument as to why the original $5,000 retainer could be charged to Safeway and, accordingly, the court denies her request for reimbursement of that initial retainer. As to the remaining $5,000 Ms. Saunders paid Dr. Echeverry, the court must decide whether Safeway is obliged to reimburse that amount[4] under Federal Rule of Civil Procedure 26(b)(4)(E)(i), which states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."[5] Safeway contends the answer to that question is no.

Safeway explains that it paid Dr. Echeverry $500—his requested hourly rate—for each of the five hours he sat for his deposition on September 5, 2025, for a total payment to him of $2,500. *See* ECF No. 76-1. This, Safeway argues, is the "time [he] spent in responding to discovery," ECF No. 76 at 4 (quoting Fed. R. Civ. P. 26(b)(4)(E)(i)), and "Plaintiff's expert witness deposition preparation is an expense that properly fell on Plaintiff." *Id.* (citing *Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1998)). The analysis of whether a party is entitled to compensation for an expert's deposition preparation time is somewhat more nuanced than

---

[4] Ms. Saunders asks the court to direct that Safeway pay this $5,000 directly to Dr. Echeverry. ECF No. 74 at 3.

[5] Rule 26(b)(4)(A) permits the deposition of experts, and Rule 26(b)(4)(D) regulates discovery of experts employed only for trial preparation.

3

Safeway acknowledges.

###     2.    Legal Principles

Nothing in Rule 26(b)(4)(E)(i) itself, or in the accompanying Advisory Committee Note—which states only that "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition"—explicitly defines "responding to discovery" to encompass an expert's deposition preparation time. *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment; *see also Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 591 (D. Colo. 2009) (observing that "Rule 26(b)(4)(C)[6] does not specifically address whether fees can be recovered for time spent *preparing* for a deposition, and case law does not provide any consistent guidance for resolving that issue"). This court has located no opinion by the Tenth Circuit Court of Appeals evaluating whether expert witness fees for deposition preparation time are recoverable under Rule 26(b)(4)(E)(i), and the parties have pointed to none.

Courts within the Tenth Circuit have expressed differing points of view on the question of compensability of preparation time for expert depositions. *See Sterisil, Inc. v. ProEdge Dental Prods., Inc*, No. 13-cv-01210-REB, 2019 WL 1429280, at *4 (D. Colo. Mar. 29, 2019) (finding that "[c]ompensation for reasonable [expert deposition] preparation time is reasonable," and awarding 7.5 hours of preparation time for an expert's deposition that lasted seven hours) (citing *McCulloch v. Hartford Life and Accident Ins. Co.*, No. Civ. 3:01CV1115AHN, 2004 WL 2601134, at *2 (D. Conn. 2004)); *Fiber Optic Designs*, 262 F.R.D. at 594 ("elect[ing] to follow

---

[6] This is the predecessor version of Rule 26(b)(4)(E)(i). *See Boos v. Prison Health Servs.*, 212 F.R.D. 578, 579 (D. Kan. 2002) (observing that "[p]ursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i), a party seeking discovery from an expert is required to pay 'a reasonable fee for time spent in responding to discovery'").

the line of cases requiring reimbursement under Rule 26(b)(4)(C) for an expert's deposition preparation," and ordering reimbursement for four hours of deposition preparation time, rather than the requested sixteen hours); *Gloz*, 130 F.R.D. at 457 (finding that "exclusion of 'preparation' time is supported by the lack of a provision for compensation for time spent by experts in responding to interrogatories under Rule 26(b)(4)(A)(i)") (quoting *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989)); *Cricut, Inc. v. Enough for Everyone, Inc.*, No. 2:21-cv-00601, 2024 WL 1585600, at *2 (D. Utah Apr. 11, 2024) (declining to shift fees for time spent preparing for an expert deposition "[a]gainst [a] legal backdrop" in which "the Tenth Circuit has not addressed this issue and district courts in this circuit are divided"); *Jones v. OfficeMax N. Am., Inc.*, No. 17-1219-JTM-KGG, 2018 WL 6590100, at *1 (D. Kan. Dec. 14, 2018) ("Courts have interpreted the phrase 'time spent in responding to discovery' to include the 'expert's reasonable time in preparation for the deposition.'") (quoting *Monsour's Inc. v. Menu Maker Foods, Inc.*, No. 05-1204-MLB, 2007 WL 437780, at *1-2 (D. Kan. Feb. 6, 2007)).

Looking outside the Tenth Circuit, all Circuit Courts of Appeals to address the matter have construed Rule 26(b)(4)(E) as encompassing expert witness fees for preparation of deposition testimony. As the Sixth Circuit Court of Appeals observed:

> This text [of Rule 26(b)(4)(E)(i)] is not limited to an expert's time in the deposition; it covers the expert's "time spent in responding to discovery." **The time spent preparing for a deposition falls within this language. So all of the circuit courts to have considered this question have held that experts may seek compensation for deposition preparation**.

*Phillips v. Tangilag*, 14 F.4th 524, 543 (6th Cir. 2021) (emphasis added) (citing *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) (affirming decision to reimburse an expert for deposition preparation); *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir.

2007) (affirming award of discovery costs, including deposition preparation time of two expert witnesses); *Haarhuis v. Kunnan Enters., Ltd.*, 177 F.3d 1007, 1015 (D.C. Cir. 1999)). Very recently, the Ninth Circuit "join[ed] the Fifth, Sixth, Seventh, and D.C. Circuits in holding that reasonable expert witness deposition preparation fees are recoverable under Rule 26. [Plaintiffs'] suggestion that such fees are *never* recoverable cannot be squared with Rule 26's plain text, which requires the 'party seeking discovery' to 'pay the expert a reasonable fee *for time spent in responding to discovery* under Rule 26(b)(4)(A).'" *Miller v. Sawant*, 114 F.4th 1071, 1076 (9th Cir. 2024) (quoting Fed. R. Civ. P. 26(b)(4)(E)) (citing *Phillips*, 14 F.4th at 543); *id.* at 1075 (observing that "all of the circuit courts to have considered this question have held that experts may seek compensation for deposition preparation") (quoting *Phillips*, 14 F.4th at 543).

This court, like the many others referenced here, cannot reasonably construe Rule 26(b)(4)(E)(i), and its "time spent in responding to discovery" language, as imposing a ban on recovery for time an expert expends in deposition preparation. The court is not persuaded to a different interpretation by Safeway's argument that "'time spent in responding to discovery' does not include the time an expert spen[ds] preparing for deposition" where, as here, "a deposition is *wholly related* to pending litigation," ECF No. 76 at 3 (emphasis added)—a proposition that appears to be premised on language extracted from the *Fiber Optic Designs* case. Safeway, in this court's view, reads too much into the "wholly related" language from that case, which merely reflected that court's observation that the plaintiffs reaped a double benefit from the deposition of defendant's expert because there was a related parallel proceeding before the United States Patent and Trademark Office. *See* 262 F.R.D. at 594 ("Having made the tactical decision to take [the] deposition [of the defendant's expert] in advance of a USPTO ruling and

6

the filing of dispositive motions in this case, I conclude that Plaintiffs reaped the lion's share of any benefit derived from the expert's deposition preparation."). Yet the court in *Fiber Optic Designs* still made a partial award for the expert's deposition preparation time. Put simply, the court neither made nor recognized a rule that expert deposition preparation fees cannot be recovered in cases where the deposition is "wholly related" to the litigation, nor does this court find any justification for doing so.

Regardless, this court is not obliged to shift all of Dr. Echeverry's deposition preparation time to Safeway without further consideration of the question. Instead, reasonableness is the touchstone for the court's assessment because only "a *reasonable* fee for time spent in responding to discovery" need be paid. Fed. R. Civ. P. 26(b)(4)(E)(i) (emphasis added); *see, e.g.*, *Cricut*, 2024 WL 1585600, at *2 (recognizing as "the fundamental questions governing whether an expert's deposition preparation time may be properly shifted under the rule" to be whether the fee was "reasonable" and whether the expert's "bill reflects only 'time spent in responding to discovery under Rule 26(b)(A)(4)'"). "The party seeking reimbursement for the fee bears the burden of establishing reasonableness." *Cricut*, 2024 WL 1585600, at *3 (citation modified) (citing *Barnes v. District of Columbia*, 272 F.R.D. 135, 137 (D.D.C. 2011)); *Fiber Optic Designs*, 262 F.R.D. at 589 (same). In assessing the reasonableness of the fee, courts look to a variety of factors: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and [7] any other factor likely to be of assistance to the

7

court in balancing the interests implicated by Rule 26." *Young v. Glob. 3, Inc.*, No. CIV.A.03-N-2255(CBS), 2005 WL 1423594, at *1 (D. Colo. May 26, 2005) (quoting *U.S. Energy Corp. v. Nukem, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995)).

### 3.    Application of the Legal Principles to the Facts Here

Dr. Echeverry's August 26, 2025 bill to Ms. Saunders contains the following categories of pre-deposition activities billed by Dr. Echeverry at a rate of $500 per hour for most of the activities, with the exception of a $250 hourly rate for one call with Ms. Saunders and one half-hour block for "Material Preparation" for defense counsel[7]:

- **4.5 hours for responding to Safeway's subpoena and communications with defense counsel**: Under the heading "Material Preparation," Dr. Echeverry lists a "Subpoena Duces Tecum," which defense counsel issued. ECF No. 76 at 2. In total, the bill reflects 3.0 hours for preparation of documentary materials in response to the subpoena. *Id.* Dr. Echeverry also bills for a "Conference Call Laureen Rogers (Holland & Hart) Document Preparation and secure sharing link, Deposition Details," on which he expended 1.50 hours. *Id.*; *see also* September 2, 2025 email from Laurie Rogers at Holland & Hart LLP to Ms. Saunders, ECF No. 74-2 at 1 (stating that "my office worked with Dr. Echeverry directly to obtain the documents responsive to Safeway's subpoena request to him," and that "[a]ll of the documents he produced to us were provided to you and the Union").

- **5.5 hours for deposition preparation**: Dr. Echeverry describes his deposition preparation as "Colorado Retail Food Establishment Rules and Regulations"; "Colorado Retail Food Establishment Rules and Regulations, 2013 & 2024 versions"; "FDA 2022 Food Code"; and "Final Opinion." ECF No. 76 at 2. Although not clearly articulated, the court assumes that Dr. Echeverry means to state that he prepared for his deposition by reviewing these materials, including the report he generated in this case.

- **.50 hours for a conference call with Ms. Saunders**: Dr. Echeverry seeks $250 for

---

[7] It is unclear to the court why the latter work was billed at a $250 hourly rate in one instance and at a $500 hourly rate in other instances.

a thirty-minute conference call with Ms. Saunders on August 1, 2025, regarding "Deposition update, Document Delivery." *Id.*

Examining the record here pursuant to a reasonableness standard, the court begins by observing that Safeway has not contested the reasonableness of Dr. Echeverry's rate of $500 per hour, at least insofar as that is his fee for the time he actually spent in deposition; as to the reasonableness of any fee for deposition preparation time, Safeway has not addressed the question. *See generally* ECF No. 76. Safeway also has not disputed the reasonableness of the foregoing breakdown of Dr. Echeverry's pre-deposition activities. Even so, Ms. Saunders has presented nothing that would allow the court to evaluate the reasonableness of the $500-per-hour fee demanded by an expert in food safety—including any information about the rates of other experts in this field, *see generally* ECF Nos. 74, 77, 84—and so the court may exercise its discretion in determining a reasonable fee for Dr. Echeverry's pre-deposition activities. *See, e.g.*, *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS) (RFT), 2025 WL 3041936, at *16-17 (S.D.N.Y. Oct. 31, 2025) ("Where parties do not provide sufficient evidence to support the reasonableness of the rate requested, courts may use their discretion to determine a reasonable fee or 'simply apply an across-the-board reduction of expert's fees.'") (quoting *Matteo v. Kohl's Dept. Stores, Inc.*, No. 09-CV-7830 (RJS), 2012 WL 5177491, at *5 (S.D.N.Y. Oct. 19, 2012), *aff'd*, 533 F. App'x 1 (2d Cir. 2013)); *Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) ("If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee.") (quotation omitted); *Kernke v. Menninger Clinic, Inc.*, No. 00-cv-2263-GTV, 2002 WL 334901, at *1 (D. Kan. Feb. 26, 2002) (same).

Start with the work that Dr. Echeverry did in response to Safeway's subpoena, including

pre-deposition communications with defense counsel. This is the type of work ordinarily deemed to be compensable under Rule 26(b)(4)(E). *See, e.g.*, *Cash v. Laurens Cnty.*, No. 6:23-CV-1235-DCC-TER, 2025 WL 509272, at *3 (D.S.C. Feb. 14, 2025) ("Because time spent preparing documents requested in connection with a deposition is time preparing for a deposition, the undersigned agrees with Defendant that it is compensable under Rule 26(b)(4)(E)."); *Thorne v. Union Pac. Corp.*, No. 1:15-CV-561-RP, 2018 WL 11422083, at *2 (W.D. Tex. Sept. 27, 2018) ("Time an expert spends responding to a deposition subpoena is time spent preparing for that deposition. The Court therefore finds that time spent responding to a deposition subpoena is compensable under Rule 26(b)(4)(E)(i), so long as it is reasonable."). Safeway does not address this point, nor does it attempt to challenge the conclusion that Dr. Echeverry expended a reasonable amount of time in doing it.

Nevertheless, it was Ms. Saunders's burden to demonstrate that the amount she seeks for Dr. Echeverry's work was reasonable, and this she has failed to do. She did not place the subpoena in the record, and the list of discovery materials Dr. Echeverry reviewed in preparing his expert report just ten weeks prior to his scheduled deposition is limited and would have been readily accessible to him. *See* ECF No. 96-2 at 5-6. And to the extent Dr. Echeverry was asked to produce the seven documents contained within the "References" section of his report, *see id.* at 29-30, these are materials published by federal and state regulatory agencies to which an expert in food safety presumably would have had ready access. Taking into account these circumstances—and with no information concerning the exact length of time Dr. Echeverry spoke by phone with defense counsel to accomplish the simple logistical tasks of disseminating his responses to the subpoena and setting up his remote deposition—the court reduces the

compensable hours for this category of work from 4.5 hours to two hours.

Next, as to Dr. Echeverry's rate for this work, in his report, he stated that his rate for "review of documents and materials" is $250 per hour, in contrast with his $500-per-hour rate for the deposition itself. *Id.* at 6. In the absence of any information concerning "the prevailing rates of other comparably respected available experts" or "fees traditionally charged by the expert on related matters," which Ms. Saunders did not provide,[8] *see Young*, 2005 WL 1423594, at *1, the court finds the $250-per-hour rate reasonable for the time Dr. Echeverry expended in responding to Safeway's subpoena and for his conversations with defense counsel. ECF No. 76 at 2; *see Oakley*, 2025 WL 3041936, at *18 (concluding that "[t]he time spent on the work appears reasonable, but because Defendant has not shown that [the expert's] rates were reasonable, I award Defendant half the fees requested in connection with [the expert's] work").

Accordingly, Safeway is ordered to pay Dr. Echeverry $500—for two hours of time compensated at a rate of $250 per hour—for his work in responding to Safeway's subpoena, including his communications with defense counsel regarding the subpoena and deposition logistics.

Turning next to the "Deposition Preparation" component of Dr. Echeverry's bill, several points bear emphasizing. First, the record suggests no particular complexity in the analysis provided by Dr. Echeverry. *See Young*, 2005 WL 1423594, at *1. His June 16, 2025 report hinges on two points: (1) his review of "photographic evidence," i.e., photographs taken by Ms.

---

[8] Although not obliged to do so, the court undertook its own research on this point, utilizing the Westlaw database, and was unable to locate any information identifying rates for comparable experts in the food safety arena.

Saunders during her employment with Safeway, and (2) Safeway's purported failure to maintain certain records. *See generally* ECF No. 96-2 *passim* (repeated references to "lack of records," "lack of equipment logs," "lack of temperature logs," and "lack of product traceability and supplier verification documentation"). Second, the finalization of Dr. Echeverry's report occurred just seven weeks before the first billing entry reflecting his deposition preparation on August 6, 2025. *See* ECF No. 76 at 2.

Under these circumstances—where the subject of an expert's deposition was a very recently prepared, straightforward report focused on the alleged nonexistence of records—the court does not find the deposition preparation time for which reimbursement is sought to be reasonable. The court respectfully declines to countenance the idea that 5.5 hours of preparation was required to prepare for a five-hour deposition. That said, it is reasonable for an expert witness to spend *some* amount of time preparing for a deposition. *See Sterisil*, 2019 WL 1429280, at *2. Exercising its discretion to consider the close proximity between the finalization of Dr. Echeverry's report and his deposition, the straightforward nature of the opinions at issue, and a record that reflects no significant complexity, the court finds that it is reasonable to attribute 2.5 hours of Mr. Echeverry's time as necessary to prepare for his deposition and to award him fees for that time in the amount of $250 per hour—the hourly amount that he bills for "review of documents and materials," *see* ECF No. 96-2 at 6—for a total of $625 for his deposition preparation work. *See Hampton v. Utah Dep't of Corr.*, No. 1:18-cv-00079-CMR, 2022 WL 22888394, at *4 (D. Utah Jan. 31, 2022) ("[T]he court is not persuaded that a $500 hourly rate for preparation time is reasonable given that this was the rate charged for attending the deposition.") (citing *Boos*, 212 F.R.D. at 580) (declining to apply the same hourly rate for

preparation time and deposition time and finding $200 per hour to be a more reasonable rate for

preparation time than the $500 per hour claimed by expert)).

Finally, the court finds that it is not reasonable to award Dr. Echeverry $250 for a thirty-

minute conference call with Ms. Saunders on August 1, 2025, concerning "Deposition update,

Document Delivery." ECF No. 96 at 2. Time that an expert spends conferring with a party (or,

more typically, a party's attorney) in preparation for a deposition is generally not compensable.

*See, e.g.*, *Hampton*, 2022 WL 22888394, at *2 ("[T]he court agrees with Defendant that the

opposing party 'is not responsible to pay for the time that [the expert witness] spent meeting with

[the retaining] attorneys to review her preparation.'") (quoting *Conroy v. Schafer*, No. 2:06-cv-

867, 2010 WL 11566118, at *1 n.13 (D. Utah Feb. 24, 2010) (citing *Boos*, 212 F.R.D. at 580;

*Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 6479782, at *4

(W.D. Okla. July 14, 2020) ("Although Rule 26(b)(4)(E) encompasses a reasonable fee for time

spent by an expert preparing for a deposition, it does not include compensation for time devoted

by the retaining attorney to defending the deposition.")); *Cricut*, 2023 WL 8019047, at *2 (D.

Utah, Nov. 20, 2023) ("[T]ime spent consulting with counsel is commonly excluded—even by

courts holding that deposition preparation is generally compensable. The rationale for fee-

shifting under Rule 26(b)(4)(E) does not support requiring Defendants to pay for such

consultation, which may fairly be characterized as part of trial preparation.").

The court discerns no justification for taking a different approach here and accordingly

awards no fees for conversations between Ms. Saunders and Dr. Echeverry.

\*        \*        \*

Based on the relevant record and in accordance with the analysis set forth above, the

court respectfully **orders** that Safeway pay to Dr. Echeverry a total of **$1,125** for 4.5 hours of his

13

pre-deposition preparation work, at a rate of $250 per hour.

**B.    Other Motions (ECF Nos. 125, 126)**

The court construes Ms. Saunders's Third Motion for Costs (ECF No. 126) as a motion

for a ruling on the Motion for Costs docketed at ECF No. 74. Accordingly, the Motion at ECF

No. 126 is **granted** through the issuance of this Order.

With regard to Ms. Saunders's motion to strike her former attorney's notice of lien (ECF

No. 125), Ms. Saunders does not address why striking the notice of lien would be an appropriate

remedy to impose in response to the deficiencies alleged by Ms. Saunders. The court finds no

cause to strike the notice of lien, nor does the court find it necessary to address the validity of the

notice at this time. Accordingly, the motion to strike is **denied**.

**C.    Conclusion**

Consistent with the foregoing analysis, it is respectfully

**ORDERED** that Plaintiff's Motion for Costs (ECF No. 74) is **GRANTED in part** and

**DENIED in part.** Defendant Safeway Inc. is ordered to pay Dr. Echeverry **$1,125** for his pre-

deposition preparation work as delineated above. It is further

**ORDERED** that Plaintiff's motion seeking a ruling (ECF No. 126) is **GRANTED**. It is

further

**ORDERED** that Plaintiff's motion to strike (ECF No. 125) is **DENIED**.[9]

---

[9] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after
service of a Magistrate Judge's order or recommendation, any party may serve and file written
objections with the Clerk of the United States District Court for the District of Colorado.
28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection
will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See*

DATED:  April 16, 2026                    BY THE COURT:

_____

Susan Prose
United States Magistrate Judge

---

*Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

15